11-5443-cr (L)
United States v. Camacho

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:
   CHESTER J. STRAUB,
   PETER W. HALL,
   CHRISTOPHER F. DRONEY,

     *Circuit Judges.*
_____

United States of America,

   Appellee,

v.             Nos. 11-5443-cr(L); 11-5448-cr (Con)

Angel Padilla, AKA Cuson, James Albizu, AKA Pito, Roberto Colon, AKA Papo, Gregory Cherry, AKA G, AKA Ninja, Darrell Campbell, AKA D, Anthony Morales, AKA Cuba, AKA Tony Cuba, James Boggio, AKA Jay, Dionisio Mojica, AKA Little Johnny, Edwin Gonzalez, AKA Peachy, Martin Kortright, AKA Supreme, James Rodriguez, AKA Spanky, Wilson Rodriguez, AKA Opie, Rafael Torres, AKA Ski, Ivan Rodriguez, Anna Rodriguez, AKA Momma Calderon, Ricardo Fontan, Rafael Cruz, Marvin Jenkins, Joseph Pillot, AKA Joey, Antonio Feliciano, AKA Christopher Guest, AKA Jamaican Tony, AKA Pat A. Guess, Trumont Williams,

   Defendants,

1

Steven Camacho, AKA Spanky, AKA Spank, Jaime Rodriguez, AKA Jay,

        Defendants - Appellants.

---

FOR APPELLANTS:        JOSHUA L. DRATEL, Joshua L. Dratel, P.C., New York, New York.

                             MICHAEL A. YOUNG, Law Office of Joyce C. London, New York, New York.

FOR APPELLEE:         KATHERINE P. FAILLA (Todd Blanche, Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *of counsel for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Haight, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

This appeal has its origins in Defendants-Appellants initial conviction in 1996 of, principally, "conspiracy to murder Hector Ocasio, the murders of Hector Ocasio and Gilbert Garcia, and the attempted murder of Louis Garcia, in aid of a racketeering enterprise in violation of 18 U.S.C. §1959." *United States v. Camacho*, 586 F. Supp. 2d 208, 210 (S.D.N.Y. 2008). Post-conviction, Defendants-Appellants moved for a new trial on the basis of newly discovered evidence pursuant to Fed. R. Crim. P. 33. *See United States v. Camacho* 163 F. Supp. 2d 287, 298 (S.D.N.Y. 2001) (*Camacho I*). After an evidentiary hearing, the district court granted that motion. 188 F.Supp. 2d 429 (S.D.N.Y. 2002) (*Camacho II*). The Government subsequently moved for reconsideration, in light of evidence which called into question the basis for the court's earlier holding. 353 F. Supp. 2d 524, 525 (S.D.N.Y. 2005) (*Camacho III*). Upon reconsideration, the district court vacated its earlier grant of a new trial. *Id.* The Defendants-

2

Appellants appealed that ruling, and this court upheld the district court's determination that a new trial was not warranted. 187 F. App'x. 30, 35-36 (2d Cir. 2006) (*Camacho IV*). In that same summary order, this court remanded to the district court for reconsideration of its sentencing decision pursuant to *United States v. Crosby*, 397 F.3d 103, 119 (2d Cir. 2005). *Id.* at 35. On remand, the defendants then renewed their initial motion for new trial in the district court, relying on newly obtained evidence. 586 F.Supp. 2d 208 (S.D.N.Y. 2008) (*Camacho V*). The district court denied the motion, and the defendants were subsequently resentenced pursuant to the *Crosby* remand. *Id.* The defendants now appeal both from the denial of their renewed Rule 33 motion and from the judgments imposing their sentences. We assume the parties familiarity with the facts and procedural posture of this case, and we will address each basis for the appeal in turn.

## I.    Defendants' Renewed Rule 33 Motion

The basis for defendants' renewal of their Rule 33 motion is an affidavit from one William Morales, which calls into question a portion of the Government's evidence presented in *Camacho III*. In essence, the district court rested its decision in *Camacho III* on four factual findings: (1) the scenario presented by the government was "inherently plausible" given the "attitudes, predilections, and desires of Cherry, Thomas, Camacho and Rodriguez," 353 F. Supp. 2d at 533; (2) the government's scenario was "supported by the dates and locations of the incarcerations of Cherry, Thomas, Camacho and Rodriguez," *id.*; (3) Melendez had not read any of the court's prior opinions, *id.* at 534-35; and (4) Melendez's knowledge of the particular details of Cherry's dissatisfaction with his attorney, *id.* at 535. It is the defendants' position that the Morales affidavit shows that Melendez did, in fact, read the district court's prior decisions in

3

this case and that fact warrants a reversal of the court's earlier reconsideration and denial of the motion for new trial.

On appeal, "[w]e review motions for a new trial under an 'abuse-of-discretion' standard." *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). A district court commits an abuse of discretion when "'(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions.'" *United States v. Owen*, 500 F.3d 83, 87 (2d Cir. 2007) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006)).

Where a motion for new trial is based on newly discovered evidence, this circuit requires that:

> (1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal.

*United States v. Persico*, 645 F.3d 85, 109 (2d Cir. 2011) (*quoting Owen*, 500 F.3d at 87-88). Ultimately, when considering a Rule 33 motion, the court is asked to determine "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). In reaching that conclusion, "[t]he district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation," but relief under Rule 33 is to be granted "sparingly," in "the most extraordinary circumstances." *Id.* (internal quotation marks and citations omitted).

In exercising its broad discretion under Rule 33 "the [district] court is entitled to weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992) (internal quotation marks omitted). As the district

4

court pointed out in its well-reasoned opinion, the defense motion touches on only one part of the court's reasoning for vacating its earlier grant of a new trial. *Camacho V*, 586 F. Supp. 2d at 217. The district court found that the defendants had failed to show that Melendez had lied in the earlier proceeding and that the scenario presented by the defense was "not persuasive." *Id.* at 217-18. This analysis was based on the district court's intimate and prolonged familiarity with the facts of this case and the witnesses that had come before it at different stages of these proceedings. *See id.* at 218. "[W]e review the denial of a motion for a new trial for abuse of discretion in recognition of the district court's greater familiarity with the proceedings." *United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 164 (2d Cir. 2008). This is an occasion where we should not disturb the thorough decision of the district court, which has handled this case for over a decade.

Because we find that the district court did not abuse its discretion in denying defendants' motion for reconsideration, we decline to address the government's argument that the law of the case doctrine precluded the district court from re-opening the Rule 33 hearing on remand. The decision of the district court is AFFIRMED.

**II.    Sentencing**

Defendants next attack the reasonableness of their sentences. The appellants contention is that the district court misunderstood its authority to order the sentences in this case to run "retroactively concurrent," in other words, with the same beginning date as and simultaneously with the sentences that the defendants were serving in a previous case. Defendants contend that the district court's 2011 sentencing ruling that the sentences would not run in such a manner was an unauthorized and untimely modification of the court's 2009 sentencing order. Finally, the appellants argue that the district court's decision not to give credit for the seven years that they

5

served before being sentenced in this case was an abuse of discretion that resulted in the imposition of an unreasonable sentence.

The substantive reasonableness of a sentence and sentencing procedures are reviewed for abuse of discretion. *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). On review, an appellate court, "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Once satisfied that the sentence is procedurally sound, the court should then consider the substantive reasonableness of the sentence. *Id.*

Where there is "no significant procedural error, a reviewing court then considers the substantive reasonableness of the sentence imposed under an abuse-of discretion standard, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Rigas*, 583 F.3d at 121. (internal quotations and alterations omitted). Reversal on the basis of the substantive unreasonableness of the sentence is only appropriate where "the trial court's sentence cannot be located within the range of permissible decisions." *United States v. Dorvee*, 616 F.3d at 179 (internal quotation marks omitted); *see also United States v. Roccisano*, 673 F.3d 153, 157 (2d Cir. 2012) ("Vacatur for substantive unreasonableness is warranted where 'the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'") (quoting *United States v. Rigas*, 583 F.3d at 123.

Here, the defendants' primary contention is that the district court committed an abuse of discretion in imposing the 2009 sentence because it misapprehended its authority under the guidelines and governing law. *See e.g. United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005) (stating that while a refusal to downwardly depart from the applicable Guidelines is "generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart"). They assert that this error was then compounded by the 2011 sentencing order, which re-confirmed that the sentence was to run from 2000, and that credit would not be given for previous time in custody. These challenges are best read as questioning the substantive reasonableness of the sentence imposed because they find no error in the guidelines calculation or other considerations made by the court, but rather argue that the resulting term of imprisonment is unjust.

The defendants' position is, however, unsupported in the record before this court. In the transcript of the original sentencing, it is clear that the district court understood that it had the authority to craft a sentence that would reflect the time the defendants spent in prison pre-trial, and that the court declined to do so. Similarly, it was clear that the court intended the sentence to run from the date of the initial sentencing in 2000 as opposed to the date of the defendants' earlier sentencing in the 1994 case. Those decisions were based on a robust consideration of the record, the § 3553(a) factors, the facts of the case, and the unique defendants before the court. "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall*, 552 U.S. at 51. Here, the district court properly weighed all relevant factors in the case before him, and came to a reasoned conclusion based on his evaluation of the parties and the

case. Because the court did not intend to credit time served on the other sentence or make the terms of imprisonment fully concurrent in its 2009 decision, the 2011 decision was not some impermissible alteration, but was a reaffirmation and clarification of the court's earlier decision.

We have considered the remaining bases for the defendants' contention that their sentence is substantively unreasonable and find them without merit. These arguments were not raised before the district court, and are therefore reviewed for plain error. Substantive review examines the length of the sentence imposed. *United States v. Bonilla*, 618 F.3d 102, 108-09 (2d Cir. 2010). When conducting substantive review, this court takes into account, "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. Where the district court has conducted a thorough review of the record and imposed a sentence based squarely on those considerations as framed by the §3553(a) factors, the appellate court may not substitute it's decision for that of the trial court. The sentence in this case is not so excessively high or excessively low as to give pause when weighing its validity on appeal. The sentence of the district court must, therefore, be upheld.

## III. Conclusion

We have considered all of the defendants' remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8