18-457(L)
*Rodriguez v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the nineteenth day of April, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

---

JAIME RODRIGUEZ,

    *Petitioner-Appellant*,

STEVEN CAMACHO,

    *Consolidated Petitioner-Appellant*,
    v.

UNITED STATES OF AMERICA,

    *Respondent-Appellee.*

18-457(L) 18-459(Con)

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT RODRIGUEZ:** | Jaime Rodriguez, *pro se*, Joint Base MDL, NJ |
| **FOR CONSOLIDATED PETITIONER-APPELLANT CAMACHO:** | Steven Camacho, *pro se*, Loretto, PA. |
| **FOR RESPONDENT-APPELLEE:** | Katherine Reilly and Won S. Shin, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States |

Attorney for the Southern District of New York, New York, NY.

Appeal from a December 14, 2017 order of the United States District Court for the Southern District of New York (Charles S. Haight, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Petitioners-Appellants Jaime Rodriguez ("Rodriguez") and Steven Camacho ("Camacho") (jointly "Petitioners") appeal from an order of the District Court denying their petitions for writs of habeas corpus.[1] In 1996, Petitioners were convicted, after trial, of five counts in relation to their involvement in a violent racketeering enterprise known as "C&C." The five counts were conspiracy to murder, two counts of murder, and attempted murder, all in aid of racketeering; and using a firearm during a crime of violence. We affirmed their convictions on direct appeal and remanded for resentencing. *United States v. Rodriguez*, 187 F. App'x 30 (2d Cir. 2006). After resentencing, we affirmed their new sentences and affirmed the District Court's denial of their motion for a new trial. *United States v. Padilla*, 511 F. App'x 8 (2d Cir. 2013). Rodriguez and Camacho have now filed petitions in the District Court for writs of habeas corpus under 28 U.S.C. § 2255. Their petitions allege that they received ineffective assistance of counsel from both their trial and appellate counsel in violation of the Sixth Amendment. They support their ineffective assistance claims with a long list of alleged deficiencies in counsel's advocacy at trial and on direct appeal. The District Court denied the petition in its entirety but granted a certificate of appealability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a district court's denial of habeas relief under § 2255, we review legal conclusions *de novo* and findings of fact for clear error. *See Massey v. United States*, 895 F.3d 248, 251 n.7 (2d Cir. 2018). To succeed on a claim of ineffective assistance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Upon review of the record, we conclude that Rodriguez and Camacho have failed to establish that their attorneys were constitutionally ineffective.

---

[1] Petitioners filed separate petitions before the District Court, but jointly filed their briefs and exhibits in support of their petitions. Petitioners have also filed joint briefs on appeal.

**A. Irreconcilable Theories and "Black Rain" Evidence**

Petitioners argue that each of their trial counsel was ineffective by failing to introduce at trial evidence of the Government's "irreconcilable" theory of the case in a related criminal trial. Petitioners further contend that their trial counsel failed to adequately object to the introduction of background evidence regarding their involvement in the C&C criminal organization. Petitioners also fault their appellate counsel for failing to adequately argue these issues on direct appeal. These arguments are meritless. We considered and rejected variations of these arguments on direct appeal. *Rodriguez*, 187 F. App'x at 33 (holding that the "contention that the government relied on 'irreconcilable theories' . . . fails" and that evidence from the so-called "Black Rain" trial was relevant background evidence and not overly prejudicial). Accordingly, Petitioners' ineffective assistance of counsel claim fails because the mandate rule forecloses any argument that Petitioners were prejudiced by counsel's failure to adequately object to or argue these issues. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (the mandate rule bars re-litigation of "matters expressly decided by the appellate court . . . [and] issues impliedly resolved by the appellate court's mandate").

Furthermore, even if the mandate rule did not foreclose Petitioners' claims regarding background testimony of their drug dealing prior to their involvement in the C&C organization, there was no prejudice to either because the District Court gave a limiting instruction on the purpose of this testimony, immediately after defense counsel raised the issue. Moreover, the amount of evidence describing Petitioners' drug dealing prior to their involvement in C&C was minimal in the context of the Government's entire case. *See United States v. Hasan*, 586 F.3d 161, 170 (2d Cir. 2009) (attorney was not ineffective for failing to object to admission of evidence where the remaining evidence was overwhelming, and defendant could not show prejudice from that particular piece of evidence).

**B. Government Summation and Rebuttal**

Petitioners argue next that portions of the Government summation and rebuttal were improper, and their trial attorneys were ineffective because they failed to challenge the Government in this regard. We previously considered and rejected these claims. *See Rodriguez*, 187 F. App'x at 33–34 (holding that we would not "disturb the convictions on account of improper closing arguments"). Any additional improprieties in summation not explicitly discussed in our ruling on direct appeal were impliedly rejected by our previous order and therefore Petitioners cannot show that they were prejudiced by counsel's failure to object to portions of the Government's summation and rebuttal. *See Yick Man Mui*, 614 F.3d at 53.

**C. Defense Summation**

Petitioners next argue that their trial attorneys' summations were inadequate because they failed to argue that the Government had mischaracterized the testimony of their alibi witnesses

(Jiminez and Melendez) and victim witness (Garcia). The fact that defense attorneys did not assert every possible argument to rebut the Government's summation does not mean their summations were constitutionally ineffective. Defense counsel presented a vigorous summation that focused on discrediting the Government witnesses and rehabilitating Melendez and Garcia. The additional arguments urged by Petitioners simply would have reinforced the points already made by counsel or would have called unwanted attention to the weakness of the defense witnesses' testimony. *See Greiner v. Wells*, 417 F.3d 305, 320 (2d Cir. 2005) ("We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside." (internal quotation marks omitted)). Defense counsel's summations were not constitutionally deficient.

### D. Alibi Witnesses

Camacho argues that his attorney did not properly prepare Jiminez to testify, failed to investigate Camacho's alibi, and failed to call Luisa Figueroa, Camacho's mother, as an alibi witness. These arguments are meritless for the reasons set forth in the District Court's thorough and well-reasoned ruling. *Rodriguez v. United States*, 2017 WL 6404900, at *25-38 (S.D.N.Y. 2017). Moreover, there is no indication that any of these alleged errors altered the outcome of the trial.

### E. Cross-Examination of Jose Crespo

Next, Petitioners argue that their counsel failed to adequately cross-examine Jose Crespo about certain inconsistencies in his prior testimony and failed to press the argument that Crespo was already sentenced and lacked any further motivation to be truthful. Generally, cross-examination is considered strategic and courts give great deference to an attorney's choice of topics. *See Eze v. Senkowski*, 321 F.3d 110, 127 (2d Cir. 2003) (explaining that we will not "second-guess" attorney's cross-examination conduct "unless there is no strategic or tactical justification for the course taken" (internal quotation marks omitted)). Defense attorneys' cross-examinations of Crespo were sufficiently vigorous. Both attorneys addressed Crespo's criminal and drug abuse history, his cooperation agreements, his withholding of information from the Government leading to a breach of his first cooperation agreement, and his prior inconsistent testimony. We will not second-guess the strategic decisions of counsel, who robustly cross-examined Crespo, for failing to pursue particular lines of inquiry.

### F. Immunity for Gregory Cherry

Petitioners argue that their attorneys were ineffective for failing to show that the Government violated due process by denying immunity to Gregory Cherry. We have already rejected a claim on direct appeal that the Government violated due process by denying Cherry immunity. *Rodriguez*, 187 F. App'x at 34. Accordingly, the mandate rule prevents Petitioners from

showing that they were prejudiced by counsel's failures to object to the Government's denial of immunity to Cherry.

### G. Appellate Counsel

Finally, Petitioners argue that their appellate attorneys were ineffective largely because of their failures to adequately present the arguments we have rejected as meritless above, such as immunity for Gregory Cherry and the Government' allegedly improper summations. Petitioners further argue that appellate counsel failed to adequately argue for Petitioners' motion for a new trial. We affirmed the District Court's denial of Petitioners' motion for a new trial on direct appeal, *Rodriguez*, 187 F. App'x at 32, and affirmed the denial again after resentencing, *Padilla*, 511 F. App'x at 11. Accordingly, the mandate rule prevents Petitioners from showing that they were prejudiced by appellate counsel's failure to adequately challenge the denial of the motion for a new trial.

To the extent that any of Petitioners' claims regarding their appellate counsel are not barred by the mandate rule, they nonetheless fail because Petitioners have not shown that their appellate attorneys' performances were deficient. "[I]t is not sufficient for the habeas petitioner to show merely that [appellate] counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) (internal quotation marks omitted). A petitioner must show that counsel made a significant omission or error or advanced a significantly weaker argument. *Id.* Here, Petitioners' arguments boil down to a contention that the outcome on direct appeal would had been different if only their appellate attorneys had made slightly different strategic choices, emphasized some facts more than others, or made some additional arguments. But many of these arguments were unsuccessfully advanced on direct appeal, and the additional arguments now cited by the Petitioners are not significantly stronger than the issues appellate counsel chose to pursue on direct appeal.

In sum, we conclude that Petitioners have failed to show that their appellate counsel were ineffective.

### CONCLUSION

We have reviewed all of the arguments raised by Rodriguez and Camacho on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 14, 2017 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk