22-1044-cr
*United States v. Reynoso-Hiciano (Yudith)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

PRESENT:
>ROBERT D. SACK,
>REENA RAGGI,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                          22-1044-cr

MARIO REYNOSO-HICIANO, a/k/a SEALED DEFENDANT 1, JOEL CABRERA, a/k/a GORDO, a/k/a OSO, VLADIMIR REYES, PEDRO REYNOSO,

>*Defendants*,

YUDITH REYNOSO-HICIANO, a/k/a LA CLASSICA,

>*Defendant-Appellant*.

---

FOR APPELLEE:                    DANIEL H. WOLF, Assistant United States Attorney (Alexander Li and Olga I.

Zverovich, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: TINA SCHNEIDER, Portland, Maine.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on May 3, 2022, is **AFFIRMED**.

Defendant-Appellant Yudith Reynoso-Hiciano appeals from a judgment of conviction entered after a jury trial at which she was found guilty of kidnapping in violation of 18 U.S.C. §§ 1201(a)(1), 1201(d), and 2, and conspiring to kidnap in violation of 18 U.S.C. § 1201(c). The trial evidence established that Reynoso-Hiciano—along with her brother Mario Reynoso-Hiciano ("Mario") and her son Pedro Reynoso, both co-defendants—kidnapped Estalyn Rosario because they believed he had defrauded Mario in a transaction involving a kilogram of cocaine. The district court sentenced Reynoso-Hiciano principally to 72 months' imprisonment, to be followed by a term of five years' supervised release. On appeal, Reynoso-Hiciano argues that her convictions should be vacated because: (1) the prosecutor's improper statements during summation caused her substantial prejudice and deprived her of her due process right to a fair trial; and (2) the district court erred in its response to a jury note during deliberations. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I. Alleged Improper Statements in Summation

Reynoso-Hiciano contends that her convictions should be overturned because, during the summations, the prosecutor improperly shifted the burden to the defense, engaged in witness vouching, and misstated an argument by defense counsel.

"[A] defendant who seeks to overturn his conviction based on alleged prosecutorial misconduct in summation bears a 'heavy burden.'" *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (quoting *United States v. Feliciano*, 223 F.3d 102, 123 (2d Cir. 2000)). "Flaws in the government's summation will require a new trial only in the rare case in which improper statements—viewed against the entire argument to the jury—can be said to have deprived the defendant of a fair trial." *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010). The defendant must show that, "absent the isolated impropriety of the prosecutor in . . . summation (taken in the context of the entire trial), [he or she] would not have been convicted." *United States v. Elias*, 285 F.3d 183, 192 (2d Cir. 2002). "In determining whether an inappropriate remark amounts to prejudicial error, we look to 'the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct.'" *Caracappa*, 614 F.3d at 41 (quoting *United States v. Spinelli*, 551 F.3d 159, 170 (2d Cir. 2008)).

Where, as here, there was no objection to the prosecutor's statements in summation during trial, we review for plain error. *See United States v. Williams,* 690 F.3d 70, 75 (2d Cir. 2012). Under the plain error standard, a new trial is only warranted if the remarks amount to "flagrant abuse" that "seriously affects the fairness, integrity, or public reputation of judicial proceedings, and causes substantial prejudice to the defendant." *Id*. (internal quotation marks and citation omitted). As set forth below, we conclude that the alleged improper remarks by the prosecutor in

3

summations did not, either individually or collectively, constitute a flagrant abuse warranting reversal.[1]

### A.     Alleged Burden-Shifting

Reynoso-Hiciano first argues that the prosecutor's "repeated incantation to the jury of what [Reynoso-Hiciano] needed them to believe shifted the burden of proof onto [her], and minimized the presumption of innocence."  Appellant's Br. at 16.

Although a prosecutor cannot "suggest that the defendant has any burden of proof or any obligation to adduce any evidence," *United States v. Parker*, 903 F.2d 91, 98 (2d Cir. 1990), "a prosecutor is ordinarily entitled to respond to the evidence, issues, and hypotheses propounded by the defense," *United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982); *see also United States v. Beverly*, 5 F.3d 633, 639 (2d Cir. 1993) ("Once a defendant has put certain activity in issue by offering innocent explanations for or denying wrongdoing, the government is entitled to rebut by showing that the defendant has lied.").  In particular, when a defendant testifies at trial, a prosecutor is entitled to attack the defendant's credibility in the summation, including by pointing out the reasons why the jury should not credit that testimony.  *See United States v. Edwards*, 342 F.3d 168, 181 (2d Cir. 2003) ("[B]ecause defendant had put his credibility in issue [by testifying at trial], the prosecutor's arguments portraying him as a liar were not improper.").

Here, the prosecutor's remarks in summation as to what Reynoso-Hiciano "needs you to believe" were made in response to the version of events that Reynoso-Hiciano put forth during her testimony.  More specifically, in context, the prosecutor used that phrase to argue to the jury that the defendant's testimony was contradicted by other overwhelming evidence in the trial record,

---

[1]  Though Reynoso-Hiciano suggested in her brief in conclusory fashion that the plain error standard does not apply to an unpreserved challenge to alleged prosecutorial misconduct in summation when the comments at issue "implicate a constitutional right of the accused," Appellant's Br. at 15, her counsel conceded in oral argument before us that the plain error standard does apply to this challenge.

4

which would have to be ignored if her testimony was to be credited. For example, the prosecutor emphasized that the defendant's version of events was inconsistent with her own communications in text messages and voice recordings. *See* App'x at 56 ("[A]re we all simply misinterpreting the defendant's text messages and voice recordings, the ones she sent when all she had on her mind was getting that kilo back?"). The prosecutor further pointed out that the defendant's version of events was inconsistent with common sense. *See* App'x at 56–57 ("They need you to believe that two plus two is five."); *see also id*. (urging the jury to "use [their] common sense . . . . The common sense that tells you that when a story doesn't ring true, it probably isn't true."). Therefore, even though it may have been unwise to use the phrase "*needs* you to believe" in attacking the credibility of a defendant's version of events in a criminal trial, the jury would have reasonably understood that formulation in this particular context to be a rhetorical device employed by the prosecutor "to respond to the evidence, issues, and hypotheses propounded by the defense," *Marrale*, 695 F.2d at 667, by emphasizing the improbability of the defendant's testimony and theory of the case in light of the other trial evidence, rather than an attempt at impermissible burden-shifting. This understanding of the prosecutor's statements is consistent with the Supreme Court's suggestion that "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning form the plethora of less damaging interpretations." *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).

Moreover, any possibility that the use of that phrase could have inadvertently blurred the burden of proof was minimized by the fact that the government made clear during its summation that Reynoso-Hiciano "doesn't have to say anything at all in this case" and "the burden of proof is on the government and always remains with the government." App'x at 36. The district court also

5

repeatedly instructed the jury that the government bore the burden of proof beyond a reasonable doubt. Therefore, "whatever ambiguity may have been caused by the remark[s] with respect to the burden of proof was undoubtedly clarified by the district court's instruction that the government bore the burden of proof as to every element and that the burden never shifted to the defendant[]."[2] *United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994). These statements did not amount to flagrant abuse causing substantial prejudice necessitating a new trial.

### B.  Alleged Witness Vouching

Reynoso-Hiciano also argues that the prosecutor improperly vouched for a witness in the rebuttal summation by posing the following question to the jury in connection with the trial testimony of Rosario, who was the victim of the alleged kidnapping: "And if he was going to lie, if he had some sort of secret vendetta against the defendant, for some reason I have not yet heard, don't you think he ought to come up with a better story?" App'x at 89. The prosecutor went on to provide hypothetical examples of what Rosario could have fabricated during his testimony that would have been even more damaging to Reynoso-Hiciano. *See id.* ("[Rosario] could have just as easily said she tied him up. He could have said she did it. He could have even said she was in on the drug deal."). The prosecutor then concluded this argument by noting that "[Rosario] didn't say that because it wouldn't have been true." *Id.*

---

[2] Reynoso-Hiciano's reliance on *United States v. Cruz*, 797 F.2d 90 (2d Cir. 1986), is misplaced. As a threshold matter, although we noted in *Cruz* that the prosecutor's use of the phrase "the defense . . . has to convince you" in summation was "indefensible," that defendant did not take the stand at trial, and thus, unlike here, the remark was not an attempt to attack the credibility of the defendant's testimony by pointing to the improbable factual premises that would be necessary to find such testimony credible. *Id.* at 93 n.1. In any event, we concluded in *Cruz*, as we do here, that "the misstatement, viewed against the entire argument before the jury, did not deprive Cruz of a fair trial" because, *inter alia*, it "was surrounded by statements to the jury, both by the government and by the court, that the burden at all times remained on the government to prove its case beyond a reasonable doubt." *Id.*

We find unpersuasive Reynoso-Hiciano's argument that these remarks constituted improper vouching for Rosario. Witness vouching implies "the existence of evidence not placed before the jury" which "may induce the jury to trust the [g]overnment's judgment rather than its own view of the evidence." *Williams*, 690 F.3d at 76 (internal quotation marks and citation omitted). An argument that a witness's testimony is "the truth" is not "improper vouching" when it is based on "evidence that the government urged proved its case" and does "not imply the existence of extraneous proof." *Id*. And "[p]rosecutors have greater leeway in commenting on the credibility of their witnesses when the defense has attacked that credibility." *United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998).

Here, after Reynoso-Hiciano attacked Rosario's credibility in summation, the prosecutor's rebuttal summation permissibly appealed to the jury's common sense in evaluating Rosario's testimony, without suggesting that the government had any special knowledge of extraneous evidence or any personal belief about Rosario's testimony. In other words, the prosecutor's comments raised the argument that Rosario's testimony did not evince any motive to lie on the stand because he did not implicate Reynoso-Hiciano in several key aspects of the kidnapping. Such an argument that a witness whose credibility has been attacked "had no motive to testify falsely" does not constitute improper vouching, *United States v. Carr*, 424 F.3d 213, 229 (2d Cir. 2005), but rather is a permissible inference "based on [jurors'] common sense," *United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996). *See also United States v. Perez-Ruiz*, 353 F.3d 1, 10 (1st Cir. 2003) (holding that the government's rhetorical question in rebuttal—"If [the government witnesses] were all going to get up and make up a story, wouldn't it have been a better story?"— was not improper vouching, but rather "a logical counter to the assertions of defense counsel, made in summation, that various government witnesses had fabricated their testimony").

7

## C.     Alleged Misstatement of Defense Counsel's Argument

Reynoso-Hiciano further contends that, in his rebuttal summation, the prosecutor "misstated what the defense had argued" with respect to one aspect of Rosario's testimony and "used that misstatement to undermine the defense." Appellant's Br. at 20. More specifically, in his summation, defense counsel challenged Rosario's credibility by arguing that, although Rosario testified at trial that he was tied up, he omitted that fact during his police interview. In his rebuttal summation, the prosecutor incorrectly indicated that defense counsel had mischaracterized the trial evidence by suggesting that Rosario affirmatively told the police he was not tied up, even though defense counsel merely suggested—accurately—that Rosario *omitted* that detail.

The government acknowledges, on appeal, that the prosecutor misunderstood defense counsel's argument regarding this portion of Rosario's testimony. However, the government contends that the prosecutor was permitted to respond to defense counsel's attacks on Rosario's credibility and, to the extent the government misunderstood one of defense counsel's arguments, that misstatement was not a flagrant abuse that resulted in substantial prejudice. We agree.

As a threshold matter, Reynoso-Hiciano does not dispute that the prosecutor's misstatement of defense counsel's argument was inadvertent. *See United States v. Quinones*, 511 F.3d 289, 308 (2d Cir. 2007) (finding no prosecutorial misconduct where misstatement in summation was inadvertent and neither intended nor understood to constitute impermissible evidence); *see also United States v. Rodriguez*, 187 F. App'x 30, 33–34 (2d Cir. 2006) (summary order) ("[D]efendants have not attempted to show that any misrepresentation in recounting [a witness's] testimony was deliberate, as is required to show prosecutorial impropriety." (citing *United States v. Richter*, 826 F.2d 206, 209 (2d Cir. 1987))). Indeed, the misstatement did not even draw an objection at trial. *See United States v. Walker*, 191 F.3d 326, 337 (2d Cir. 1999)

(observing that, where prosecutor's misconduct "did not prompt a contemporaneous objection," the lack of an objection was "an indication that the incident did not affect the trial atmosphere in a manner disadvantageous to [defendant]").

Moreover, any potential prejudice from the inadvertent misstatement was cured by the district court's instructions to the jury. For example, the district court instructed the jurors that they were "the sole and exclusive judges of the facts," they "must determine the facts based solely on the evidence received in this trial," and they "must rely upon [their] own recollection of the evidence." App'x at 94. The district court further instructed that "[w]hat the lawyers have said— for instance, . . . in closing arguments . . . —is not evidence." *Id*. In short, the prosecutor's inadvertent mischaracterization in rebuttal of one of defense counsel's arguments did not constitute a flagrant abuse causing substantial prejudice that necessitates a new trial.

## II.     The Jury Note

Reynoso-Hiciano argues that a new trial is warranted because the district court improperly responded to a jury note regarding aiding-and-abetting liability.

During deliberations, the district court received a note from the jury that read: "If we believe she aided and abetted in the kidnapping, does that automatically make her guilty of Count Two (kidnapping)?" App'x at 122–23. After consultation with counsel, the district court told the jury, "the short answer is yes," directed them to the page in the jury charge with the aiding and abetting instruction (of which the jury had a copy), and then reread the portion of that charge instructing the jury that it may find the defendant guilty of the substantive kidnapping count "if [it] find[s] that the government has proven beyond a reasonable doubt that another person actually committed the crime charged in that count and that the defendant aided, abetted, counseled, commanded, induced or procured him to do so." App'x at 124–25.

9

Reynoso-Hiciano contends that "[t]he short answer to the jury's question should have been 'no'" because "[a] belief is not sufficient unless it is a belief beyond a reasonable doubt." Appellant's Br. at 24. She further asserts that "by rereading part but not all of the aiding and abetting instructions, the court undercut the importance of the unread portion—that is, the part dealing with intentionality and effect on the success of the crime." *Id.* We disagree with both contentions.

A district court "enjoys considerable discretion in construing the scope of a jury inquiry and in framing a response tailored to the inquiry." *United States v. Rommy*, 506 F.3d 108, 126 (2d Cir. 2007). A district court's response to a jury note "is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Moran-Toala*, 726 F.3d 334, 342 (2d Cir. 2013) (internal quotation marks and citation omitted). We review preserved claims of error in supplemental jury instructions *de novo*, "reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). However, where such a claim is unpreserved, we review solely for plain error. *See United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020); Fed. R. Crim. P. 52(b).

The government argues we should review this challenge for plain error because Reynoso-Hiciano did not preserve this claim when she objected to the district court's answer to the note "in terms of process," not law, conceding it would not be "legally wrong to answer with yes," App'x at 123–24, while Reynoso-Hiciano argues we should review the challenges *de novo*. We need not resolve this dispute because Reynoso-Hiciano's arguments fail under either standard.

First, the district court properly answered the narrow question posed by the jury, which was whether defendant could be found guilty of the substantive kidnapping charge based on an

10

aiding-and-abetting theory of liability, with a "yes," which was a legally correct answer. *See Rosemond v. United States*, 572 U.S. 65, 71 (2d Cir. 2014) (holding that, under 18 U.S.C. § 2, "those who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime"). Moreover, contrary to Reynoso-Hiciano's argument, that response did not "dilute[] the reasonable doubt instruction." Appellant's Br. at 25. Indeed, after answering "yes" to the jury's question, the district court reread to the jury the portion of the aiding-and-abetting instruction which stated that the government bore the burden of proving aiding-and-abetting liability beyond a reasonable doubt. App'x at 124–25. In addition, the district court repeatedly instructed the jury during its original charge that the government had the burden of proving each element of the alleged crimes beyond a reasonable doubt, including with respect to liability under an aiding-and-abetting theory.

For the same reasons, we find unavailing Reynoso-Hiciano's claim that the district court erred by not rereading the entire aiding-and-abetting instruction to the jury in response to the note. The district court was well within its discretion when it accurately answered the precise question the jury posed, and referred the jury to the page in the original charge with the full instruction, of which the jury had a copy. *See Rommy*, 506 F.3d at 126 ("[A] trial court responding to a note from a deliberating jury is only required to answer the particular inquiries posed."); *see also United States v. Daugerdas*, 837 F.3d 212, 229 (2d Cir. 2016) (explaining that "[i]n light of [the district judge's] explication of the good faith defense [in the original charge], there was no need for him to reiterate it" in the supplemental instruction).

In sum, we discern no error in the district court's response to the jury's note during deliberations.

\*　　　　　\*　　　　　\*

11

We have considered Reynoso-Hiciano's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
